UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**"IN ADMIRALTY"**

CASE NUMBER:

IN THE MATTER OF:

JAMES FISCHER, as Owner, and
SCOTT LANGBEIN, as owner *Pro Hac Vice,*
of the *Relentless*, a 2003 38' Sea Ray
Sundancer 380 bearing Hull Identification Number
SERF9257F203, its Engines, Tackle,
Appurtenances, Equipment, Etc.,
in a cause for Exoneration from or
Limitation of Liability,

    Petitioners.
_____/

**PETITION FOR EXONERATION FROM OR
LIMITATION OF LIABILITY**

    Petitioners, JAMES FISCHER, as Owner, and SCOTT LANGBEIN, as Owner *Pro Hac Vice* (hereinafter "Petitioners") of the *Relentless,* a 2003 38' Sea Ray Sundancer 380 bearing Hull Identification Number SERF9257F203, its Engines, Tackle, Appurtenances, Equipment, Etc. (hereinafter the "Vessel"), by and through undersigned counsel, and pursuant to the provisions of 46 USC § 30501 *et seq.*, Rule F

CASE NUMBER: _____

of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture ("Supplemental Admiralty Rule F"), and the applicable local rules of the U.S. District Court for the Middle District of Florida, hereby respectfully petition this Court for Exoneration from or Limitation of Liability for all claims arising out of an accident that occurred on February 25, 2023, on the navigable waters of the United States on the Caloosahatchee River near Cape Coral, Florida, and as grounds therefore allege:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. § 1333, and U.S. Const. art. III, § 2.

2. This action is brought by Petitioners pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. and Supplemental Admiralty Rule F, governing Limitation of Liability Actions.

3. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§ 1331, 1333, and 46 U.S.C. § 30501 *et seq*.

4. Venue is proper pursuant to Supplemental Rule F (9) because the incident giving rise to potential claims of liability against Petitioners

CASE NUMBER: _____

occurred within this Court's jurisdiction and because the Vessel is and remains within this district.

5. The *Relentless*, a 2003 38' Sea Ray Sundancer 380 bearing Hull Identification Number SERF9257F203, its Engines, Tackle, Appurtenances, Equipment, Etc., (the "Vessel") is a seagoing vessel per 46 U.S.C. § 30506(a).

6. At all times material hereto, Petitioner, JAMES FISCHER, was the registered owner of the Vessel *Relentless*.

7. By reason of his operation, dominion, and control over the Vessel *Relentless* on the day in question, Petitioner, SCOTT LANGBEIN, was acting as the owner *pro hac vice* of the Vessel at the time of the accident which forms the basis of this petition.

8. The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters of the United States on the Caloosahatchee River near Cape Coral, Florida, on or about February 25, 2023, while the Vessel was engaged in maritime activity.

9. Petitioners seek exoneration pursuant to Supplemental Admiralty Rule F (2) and, in the alternative, seek to claim and invoke the

CASE NUMBER: _____

rights, privileges, remedies, and procedures of the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*.

10. At all times material hereto, the Vessel *Relentless* was seaworthy, properly, and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, and appliances, all in good order and condition and suitable for the use for which it was engaged.

11. At all times material, Petitioners exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use.

12. The Vessel has not been attached or arrested *in rem* in any civil proceeding.

13. On or about February 25, 2023, the Vessel was operated by Scott Langbein, with the permission of its owner, James Fischer, on navigable waters on the Caloosahatchee river, near the Cape Coral Bridge in Cape Coral, Florida, when the Vessel struck a bridge piling causing alleged injuries to several passengers (hereinafter the "Incident"). The incident was not caused by the fault or neglect of the

CASE NUMBER: _____

petitioners. Petitioners at all times acted with reasonable care and prudence in the operation and maintenance of the vessel.

14. To Petitioners' knowledge, potential Claimants to this action include: (1) Jessica Cauldwell; (2) Tricia Langbein; (3) Frank Grahm; (4) Beth Grahm; (5) Victor Ligari; (6) Jenn Flinter; (7) Gregory Foster; and (8) Tricia Mansfield.

15. This Complaint is filed within six (6) months of Petitioners' receipt of first written notice of a possible claim against them, arising from the subject incident and subject to exoneration from or limitation of liability; therefore, it is timely pursuant to the provisions of Supplemental Rule F.

16. The vessel was damaged, but not lost or abandoned.

17. Pursuant to Supplemental Rule F (2) and 46 U.S.C. § 30501 *et. seq.*, Petitioners seek exoneration from or limitation of liability for any death, injuries, damages, and losses of whatever description arising out of the aforesaid incident and desire to contest liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

CASE NUMBER: _____

18. The Vessel's post-incident value is appraised at $37,940.00. There was no pending freight at the voyage termination. A post-incident value report from Copart Proquote Solutions is attached hereto as **Exhibit "1"**.

19. Subject to any appraisal of its interest upon reference, Petitioners deposit with the Court, as security for the benefit of claimants, a Letter of Undertaking from their insurer in the sum of $37,940.00, plus interest at 6% per annum from February 25, 2023, said sum being the value of the Petitioners' interest in the Vessel following the incident. The Letter of Undertaking is attached hereto as **Exhibit "2"**.

20. The incident described above was not caused or contributed by Petitioners' fault, negligence, or lack of due care.

21. Alternatively, the aforesaid incident was done, occasioned, and incurred without Petitioners' privity or knowledge.

22. Petitioners claim exoneration from or limitation of liability for any and all property damages, personal injuries, and/or death caused by the subject incident involving the Vessel, and for any claims thereof.

CASE NUMBER: _____

23. Any claims arising from the death, injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of Petitioners, or anyone for whom Petitioners may be legally responsible for, and Petitioners are entitled to exoneration from any liability for any such claims.

24. Petitioners, without admitting but affirmatively denying all liability, claim the benefits of the limitation of liability provided for in 46 U.S.C. § 30501 *et seq.*, and the various statutes supplemented thereto and amended thereof, and to that end, Petitioners have filed with the Court, as security for the benefits of Claimants, a letter of undertaking, with interest and sufficient security, for the amount of the value of their interest in the Vessel, as provided for by Supplemental Rule F and Local Admiralty Rule F.

25. If it later appears that Petitioners may be liable and the amount or value of Petitioners' interest in the Vessel is not sufficient to pay all losses in full, then Claimants shall share *pro rata* in the aforesaid sum, saving Claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statute, or by the Federal

CASE NUMBER: _____

Rules of Civil Procedure, Supplemental Rule F and Local Admiralty Rule F.

26. In the event the Court determines there was negligence or other legal fault in the operation and/or use of the Vessel which contributed in any way to any alleged death, injuries, losses, or damages on the part of any person, vessel, or other claims arising from the February 25, 2023 Incident, which negligence or other legal fault is denied by Petitioners, such negligence occurred wholly or in part without the privity or knowledge of Petitioners within the meaning of 46 U.S.C. § 30501 *et seq*.

27. Petitioners believe potential claims arising from this maritime incident may exceed the value of Petitioners' interest in the Vessel and pending freight (of which there was none) on the date of the incident at the end of the voyage.

28. By reason of the facts and circumstances set forth above, Petitioners claim the benefits of the provisions of 46 U.S.C. §30501 *et seq*. and Supplemental Rule F in this proceeding.

29. By reason of the foregoing, if any liability should be adjudged and imposed upon the Vessel, which liability is denied, then Petitioners

CASE NUMBER: _____

are entitled to limitation from any such liability pursuant to 46 U.S.C. §30505 *et seq.*

**WHEREFORE PETITIONERS, JIM FISCHER, AND SCOTT LANGBEIN, RESPECTFULLY REQUEST:**

A. For an Order:

1. Approving the above-described Letter of Undertaking filed with the Court by Petitioners, as security for the amount or value of Petitioners' interest in the Vessel until such time the Court causes due appraisement to be made of the amount of the value of Petitioners' interest in the Vessel at the end of the aforesaid voyage; and

2. Directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid incident on February 25, 2023, directing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioners copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court

CASE NUMBER: _____

at or before a time certain to be fixed by said monition; and

B. That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the Incident aforesaid, and the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature of description whatsoever, except in the present proceeding, against Petitioners and/or the Vessel in respect of any claim or claims arising out of the Incident on February 25, 2023, above described; and

C. For a Decree adjudging:

    1. That neither Petitioners nor the Vessel are liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid Incident of February 25, 2023, as above stated;

    2. Or, if Petitioners shall be adjudicated liable, then that liability be limited to the amount of the value of its interest in the Vessel at the time of the aforesaid Incident described in this Petition, and that any monies decreed to be paid be

CASE NUMBER: _____

divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioners from any and all further liability; and that Petitioners may have such other and further relief as the justice of the cause may require.

Dated: March 29, 2023

        Respectfully submitted,

        **McALPIN TANNER MARCOTTE, P.A.**
        *Counsel for Petitioners*
        Brickell City Tower
        80 S.W. 8th Street, Suite 2805
        Miami, Florida 33130
        Tel: (305) 810-5400
        Fax: (305) 810-5401

        By: /s/ *Richard J. McAlpin*
        Richard J. McAlpin, Esq.
        rmcalpin@mtm-legal.com
        Florida Bar No. 438420
        Daniel S. Marcotte, Esq.
        dmarcotte@mtm-legal.com
        Florida Bar No. 52314

CASE NUMBER: _____

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 29, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Richard J. McAlpin*

Richard J. McAlpin, Esq.